**INTERNATIONAL ELEVATING COMPANY, as owner of THE Floating Grain Elevator HUDSON, Libellant,**

v.

**McALLISTER LIGHTERAGE, Inc., and Dalzell Towing Company, Inc., Respondents.**

United States District Court
S. D. New York.
July 6, 1956.

Macklin, Speer, Hanan & McKernan, New York City, for libellant.

Purdy, Lamb & Catoggio, Vincent A. Catoggio, New York City, for respondent McAllister.

LEVET, District Judge.

This is a motion to strike Article Twelfth from the libel in the above-entitled matter and to amend Article Thirteenth of the said libel.

Libellant, International Elevating Company, claims to be the owner of the floating Grain Elevator Hudson. The respondent, Dalzell Towing Company, Inc., is claimed to have entered into an agreement with the aforesaid libellant whereby Dalzell agreed to perform certain towing services to the Grain Elevator Hudson. Dalzell, however, arranged for and obtained for that purpose the services of the Tug Maren Lee, owned by respondent McAllister Lighterage Line, Inc., sued herein as McAllister Lighterage, Inc.

It is claimed that on or about December 21, 1954, the Hudson was lying alongside a ship known as Jessie Applegate, owned by Union Sulphur & Oil Corporation, as general agents of the United States of America, Department of Commerce, Maritime Administration, National Shipping Authority. It is claimed that the Tug Maren Lee in towing the Hudson away from the Applegate caused the Hudson to foul the tackle and gear of the Applegate and caused extensive damage and injury to the Hudson.

Article Twelfth of the libel is as follows:

"That as a further result of the foregoing occurrence a claim has been made against libellant by Union Sulphur & Oil Corporation, as general agents of the United States of America, Department of Commerce, Maritime Administration, National Shipping Authority for damages to the sounding boom of the steamship Jessie Applegate in approximately the sum of $500.00 for which libellant now demands recovery over, contribution and/or indemnity as against the respondents, McAllister Lighterage, Inc., the tug Maren Lee and Dalzell Towing Company, Inc., for their having caused said damage, which said damage, was not caused or contributed to by any fault or negligence on the part of the Hudson and those in charge of her."

The libel in this action was filed in this Court on August 22, 1955. The process was issued, served and made returnable on September 6, 1955. The respondent McAllister Lighterage, Inc., was served on August 23, 1955 and the respondent Dalzell Towing Company, Inc., was served on August 23, 1955. The proctors for the respondent McAllister Lighterage, Inc., served and filed their appearance on or about September 2, 1955.

Admiralty Rule 11(a) of the Admiralty Rules of the United States Federal Court for the Southern District of New York is as follows:

"When process is issued the answer, exceptions or exceptive allegations to the libel or petition, (except in possessory, petitory and licitation suits), shall be filed within three weeks after the return day."

Thus, it appears that the notice of motion was served on the 19th day of June, 1956, approximately ten months after the return date of the process and approximately nine months after the expiration of time to bring said motion under Admiralty Rule 11(a).

The motion must be denied. His Majesty's Government for United Kingdom of Great Britain v. The Flying Arrow (The Black Swan), D.C., 97 F.Supp. 182.

So ordered.